**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

JAN 17 2019

FOR THE NINTH CIRCUIT

FRANK DUFOUR,

        Plaintiff-Appellant,

  v.

ROBERT ALLEN, ET AL.

        Defendants-Appellees.

No.   17-55999

D.C. No. 2:14-cv-05616-CAS-SS

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Christina A. Snyder, District Judge, Presiding

Argued and Submitted January 9, 2019
Pasadena, California

Before:  GRABER and WARDLAW, Circuit Judges, and ROBRENO,[**] District Judge.

Frank Dufour appeals the district court's award of attorney's fees of

$385,487.25 in favor of the Defendants. Dufour argues that the district court

abused its discretion in finding that he was estopped from challenging the validity

of the enrollment agreement and in concluding that the indemnity clause in the

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Eduardo C. Robreno, United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

enrollment agreement authorized attorney's fees for litigation between the parties. We have jurisdiction pursuant to 28 U.S.C. § 1291. We reverse and vacate the district court's order awarding attorney's fees to Defendants.

We assume without deciding that Dufour is bound by the enrollment agreement and address whether the indemnity clause in the enrollment agreement authorized the attorney's fees awarded.[1] For the following reasons, we conclude that it does not.

Although "[i]ndemnity generally refers to third party claims," California courts have explained that "this general rule does not apply if the parties to a contract use the term 'indemnity' to include direct liability as well as third party liability." *Zalkind v. Ceradyne, Inc.*, 124 Cal. Rptr. 3d 105, 113–14 (Ct. App. 2011) (quoting *Dream Theater, Inc. v. Dream Theater*, 21 Cal. Rptr. 3d 322, 328 (Ct. App. 2004)). In determining whether an indemnity clause includes direct liability, California courts look to the parties' intent and the contract as a whole. *See Hot Rods, LLC v. Northrop Grumman Sys. Corp.*, 196 Cal. Rptr. 3d 53, 63 (Ct.

---

[1] Although the enrollment agreement states that it is governed by Utah law, the district court ruled that California law applies because Utah lacks a substantial relationship to the parties or the transaction; the only connection to Utah is that it is Defendant Prosper Inc.'s place of incorporation. The district court also explained that the parties effectively stipulated to California law throughout the duration of the five-plus years of litigation of this case. Further, the district court observed that the parties did not argue that there is a material difference between the application of California or Utah law on the relevant issues. Finally, the parties did not appeal the district court's ruling on the application of California law. Therefore, we decide this case under California law.

App. 2015).

Here, when read in context, it appears that the indemnity clause applies only to third-party claims and not to direct claims between the parties. Specifically, under the enrollment agreement, the parties pay their own expenses for arbitration of disputes between themselves, suggesting that direct claims are carved out of the indemnity clause. Additionally, California recognizes the doctrine of *contra proferentem*, that is, construing ambiguous agreements against the drafter. *See* Cal. Civ. Code § 1654; *Mayhew v. Benninghoff*, 62 Cal. Rptr. 2d 27, 30 (Ct. App. 1997). To the extent the enrollment agreement is ambiguous on the issue of indemnification of direct claims, it must be construed against Defendants. Accordingly, we reverse and vacate the district court's award of attorney's fees to Defendants.

**REVERSED and ORDER OF THE DISTRICT COURT IS VACATED. Costs on appeal are awarded to Plaintiff.**